IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEVIN TYLER WHITTLE, | ) | |
|---|---|---|
| | ) | Civil Action No. 17 – 1180 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDANT CLARK and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

**A. Background**

Kevin Tyler Whittle ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his judgment of sentence entered by the Butler County Court of Common Pleas on September 28, 2006. (ECF No. 1.) Petitioner's judgment of sentence stems from his conviction for various drug and firearm related charges on August 24, 2006, and, for these convictions, he was sentenced to an aggregate term of imprisonment of 14½ to 29 years. *See* Commonwealth v. Whittle, CP-10-CR-244-2006; CP-10-CR-245-2006; CP-10-CR-246-2006 (Butler County Com. Pl.);[1] *see also* (Resp't Exs. 1-3, ECF Nos. 5-1, 5-2, 5-3.)

---

[1] The docket sheets for Petitioner's criminal cases are a matter of public record and available for public view at https://ujsportal.pacourts.us/

1

Following his sentencing, Petitioner filed a timely direct appeal to the Superior Court of Pennsylvania, which rejected his claims and affirmed his judgment of sentence on February 15, 2008. Commonwealth v. Whittle, 951 A.2d 1220 (Table) (Pa. Super. 2008); *see also* (Resp't Ex. 4, ECF No. 5-4.) On August 6, 2008, the Supreme Court of Pennsylvania denied Petitioner's petition for an allowance of appeal. Commonwealth v. Whittle, 2008 Pa. LEXIS 1242, __ A.2d __ (Pa. 2008); *see also* (Resp't Ex. 5, ECF No. 5-5.) He did not file a writ of certiorari with the United States Supreme Court and his time for doing so expired on November 4, 2008. *See* SUP. CT. R. 13; 42 Pa. C.S.A. § 9545(b)(3).

Petitioner filed his first *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") on November 6, 2009.[2] (Resp't Ex. 3, ECF No. 5-3, p.20.) The PCRA court appointed counsel who subsequently filed a "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). (Resp't Ex. 3, ECF No. 5-3, pp.20-21.) The PCRA court permitted PCRA counsel to withdraw and then dismissed Petitioner's PCRA petition on June 3, 2010. (Resp't Ex. 3, ECF No. 5-3, p.22.) Petitioner filed a timely appeal, and in an unpublished memorandum filed on April 20, 2011, the Superior Court affirmed the PCRA court's denial of post-conviction relief. Commonwealth v. Whittle, 29 A.3d 841 (Table) (Pa. Super. 2010); *see also* (Resp't Ex. 6, ECF No. 5-6.) Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

---

[2] Petitioner's actual first PCRA petition was filed prematurely, prior to the trial court having ruled on his post-trial motions as well as prior to the filing of a direct appeal of his judgment of sentence. Accordingly, it was dismissed due to lack of jurisdiction. Therefore, this PCRA petition, while filed second, is considered Petitioner's first PCRA petition.

On December 9, 2013, Petitioner filed a second *pro se* PCRA petition alleging that he was entitled to relief pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013), which had been published by the United States Supreme Court on June 17, 2013. (Resp't Ex. 3, ECF No. 5-3, p.25.) The PCRA court ultimately dismissed the PCRA petition as untimely on August 18, 2014, after Petitioner failed to prove an exception to the PCRA's timeliness requirements found at 42 Pa. C.S.A. § 9545(b). (Resp't Ex. 3, ECF No. 5-3, p.27.) On appeal, the Superior Court agreed that Petitioner had failed to prove the applicability of any of the exceptions to the PCRA's time restrictions despite his attempt at arguing that the United States Supreme Court recognized a new constitutional right in Alleyne and therefore his petition fell under the exception of subsection 9545(b)(1)(iii).[3] Commonwealth v. Whittle, 2015 WL 7575787 (Pa. Super. Feb. 10, 2015); *see also* (Resp't Ex. 8, ECF No. 5-8.) Petitioner sought a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on June 17, 2015. Commonwealth v. Whittle, 117 A.3d 297 (Table) (Pa. 2015); *see also* (Resp't Ex. 9, ECF No. 5-9.)

Petitioner filed a third *pro se* PCRA petition on March 7, 2016, alleging that the United States Supreme Court's holding in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), somehow provided him with an avenue to circumvent the PCRA's timeliness requirements. (Resp't Ex. 3, ECF No. 5-3, p.29.) The PCRA court found this argument unpersuasive and dismissed the petition as untimely on March 28, 2016. (Resp't Ex. 3, ECF No. 5-3, pp.29-30.) While

---

[3] In citing its opinion in Commonwealth v. Miller, 102 A.3d 988 (Pa. Super. 2014), the Superior Court rejected Petitioner's attempt to rely on the exception in subsection 9545(b)(1)(iii) explaining that Alleyne was not a new rule of constitutional law that could be applied retroactively to cases on collateral review. It also noted that it lacked jurisdiction to engage in review of Petitioner's claims in his second PCRA petition because the petition was untimely filed and no exception to the time-bar was proven. Commonwealth v. Whittle, 2015 WL 7575787, at *3-4 (Pa. Super. Feb. 10, 2015) (citing Miller, 102 A.2d at 995-96)).

3

Petitioner did file an appeal to the Superior Court, it was eventually dismissed for his failure to file the required docketing statement. (Resp't Ex. 10, ECF No. 5-10.)

The instant Petition for Writ of Habeas Corpus is dated August 1, 2017, but it was not filed until September 8, 2017. Petitioner appears to assert two claims for relief in his Petition: (1) the trial court erred in overruling the defense's objections and request for a mistrial when the Commonwealth admitted into evidence a lease for the residence at 328 N. Broad Street that they had withheld from the defense until trial; and this was a violation of Brady v. Maryland, 373 U.S. 83 (1963), (ECF No. 1-2), and (2) the state courts erred in determining that his subsequent PCRA petitions were untimely filed because he was illegally sentenced, (ECF No. 1-3).[4] Respondents filed a Motion to Dismiss the Petition on October 4, 2017, claiming that it was untimely filed. (ECF No. 5.) Petitioner filed a responsive brief on October 20, 2017. (ECF No. 7.) The Petition is now ripe for review.

**B. Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

---

[4] Petitioner did not set forth his claims in his actual Petition, and, instead, he referred the Court to attachments B and C. Neither of these documents, however, clearly set forth his claims. It appears to the Court that in attachment C Petitioner is more than likely challenging the legality of his sentence and the denial of his PCRA petition by the state courts as untimely. (ECF No. 1-3.) The "claim" set forth in attachment B is not as clear. In fact, attachment B is composed of portions of two of his briefs filed by counsel on either direct or PCRA appeal, and three pages of rambling filled with numerous allegations as to why Petitioner believes that he was denied a fair trial. (ECF No. 1-2.) The Court is interpreting his claim in attachment B to be a challenge to the admission of a lease, which he claims was not disclosed to the defense until trial and therefore amounts to a Brady violation. Any other claim he is supposedly presenting in attachment B is unclear. Nevertheless, all of the issues he complains about in this document would be time-barred under the AEDPA for the same reasons.

4

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

### 1. Claim 1: Brady violation

Petitioner's first claim is that the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding the lease for the residence at 328 N. Broad Street, which contained a signature of Petitioner's fictitious name and was produced for the first time at trial during the examination of Cassandra Cunningham. Petitioner had already told the jury in opening statements that he did not reside at 328 N. Broad Street, and he argued that a mistrial should have been granted due to the prejudice that resulted from the Commonwealth's withholding of the lease until trial.[5] (ECF No. 1-2, p.7.)

As to the first inquiry, the vast majority of habeas cases fall within § 2244(d)(1)(A), with AEDPA's limitation period commencing for all claims on the date the state prisoner's judgment of sentence became final by the conclusion of direct review. Such is the case here with respect to Petitioner's first claim.

In this case, Petitioner was sentenced on September 28, 2006, his judgment of sentence was affirmed by the Pennsylvania Superior Court on February 15, 2008, and his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on August 6, 2008. Petitioner then had ninety (90) days to file a petition for writ of certiorari in the United States Supreme Court, but he did not do so. Thus, his judgment of sentence became final on November 4, 2008. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).

---

[5] Although it is far from clear, Petitioner may also be asserting another Brady claim in that the Commonwealth withheld information of a plea bargain with Ms. Snyder. However, Petitioner fails to specify how Ms. Snyder was involved in his case and how this information, which he admits was received three months before trial, resulted in prejudice to the defense. *See* ECF No. 7.

Absent any tolling of the statute of limitations, Petitioner had one year from that date, or until November 4, 2009, to file his federal habeas petition.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). While Petitioner did seek collateral relief, he did not file his first "properly filed" PCRA petition until November 6, 2009. At this point, his one-year statute of limitations period under the AEDPA had already expired.

However, even if the Court were to assume that the statute of limitations had not expired, and were to allow for tolling during the time period in which Petitioner's first PCRA petition was pending in the state courts, his Petition for Writ of Habeas Corpus is still untimely. This is because Petitioner's second and third PCRA petitions cannot toll the statute of limitations since they were dismissed as untimely by the state courts. The United States Supreme Court has held that time limits are "filing" conditions and that when a state court rejects a post-conviction petition as untimely it is not "properly filed" and does not statutorily toll the one-year AEDPA time limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("When a postconviction petition is untimely under state law, that is the 'end of the matter' for purposes of § 2244(d)(2)."); see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, Horn v. Fahy, 534 U.S. 944 (2001) (holding that a PCRA petition dismissed by the state court as time-barred was not "properly filed" and therefore does not toll the statute of limitations for a federal habeas corpus petition). Moreover, a PCRA petition dismissed as untimely is still not "properly filed" even if the applicant asserted a statutory exception to the Pennsylvania statute of limitations. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003); see also Pridgen v. Shannon, 380 F.3d 721, 728-29 (3d Cir. 2004). As such, even if the time for filing his Petition for Writ of Habeas Corpus

had not already expired, his second and third PCRA petitions would not have tolled the statute of limitations and his Petition would still be untimely.

Having failed to meet AEDPA's one-year statute of limitations, Petitioner's Petition for Writ of Habeas Corpus can only be saved by application of the doctrine of equitable tolling. The United States Supreme Court has held that AEDPA's statute of limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently,[6] and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. *See also* Ross, 712 F.3d at 798-804; United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

While Petitioner acknowledges that his Petition was untimely filed, he does not allege any facts or circumstances to establish that some "extraordinary circumstance" stood in the way of his timely filing of the instant Petition. Instead he contends that it would be a "miscarriage of

---

[6] The United States Court of Appeals for the Third Circuit has explained:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 130 S.Ct. at 2565…. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *See* Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence *in the circumstances*.") (emphasis added) (internal quotation marks and citation omitted); *see also* Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution *in light of his or her particular circumstances*." (emphasis added)).

Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).

justice" if this Court were to dismiss his Petition as untimely. (ECF No. 7.) He cites to Commonwealth v. Shiloh, 170 A.3d 553 (Pa. Super. 2017), and Dennis v. Sec'y, Pennsylvania Dep't of Corr., 834 F.3d 263 (3d Cir. 2016), but fails to explain how either one of these cases apply to him or entitle him to equitable tolling. His argument simply appears to be that a "[m]iscarriage of justice can't be time barred."

While Petitioner is correct that a "fundamental miscarriage of justice" can overcome a procedural default rule such as the timing requirements of 28 U.S.C. § 2244(d)(1), *see* McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (citing cases), this exception "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 414 (1993). The United States Supreme Court has stated that this exception is narrow and has applied it "to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Put differently, the exception is only available when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 1936 (quoting Schlup, 513 U.S. at 316). In Schlup, the Supreme Court emphasized that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." 513 U.S. at 316. Here, Petitioner does not allege he is innocent, and, to the extent he claims that he is, he has not presented the Court with any new evidence that would demonstrate that he is entitled to this exception.

In sum, this claim should be dismissed as untimely because it was filed after the one-year statute of limitations expired and because Petitioner has not shown entitlement to any equitable tolling, or that he is actually innocent and entitled to the "fundamental miscarriage of justice" exception.

### 2. Claim 2: Illegal Sentence

Although not specifically identified and argued in his Petition, Petitioner's second claim invokes 28 U.S.C. § 2244(d)(1)(C), which states that the trigger date for a claim can be "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" Petitioner asserts that the United States Supreme Court recognized a new constitutional right in Alleyne v. United States, 133 S. Ct. 2151 (2013), that has rendered his five-year mandatory minimum sentence illegal, and he claims that the state courts erred when they dismissed this claim in his second PCRA petition as untimely.

As previously stated, Petitioner's aggregate sentence included a mandatory minimum sentence of five years for his possession with intent to deliver conviction, pursuant to 18 Pa. C.S.A. § 7508 and 42 Pa. C.S.A. § 9712.1. However, almost five years after Petitioner's judgment of sentence became final, the United States Supreme Court held in Alleyne v. United States, 133 S. Ct. 2151 (2013), that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155.

Nearly six months after Alleyne was decided, Petitioner filed a second PCRA petition claiming that his sentence was rendered unconstitutional by Alleyne, and that he should be entitled to a corrected sentence. The PCRA court denied his petition as untimely after finding

10

that it lacked jurisdiction because it was filed outside of the PCRA's sixty-day time limit that is required by 42 Pa. C.S.A. § 9545(b)(2), and he did not meet his burden of proof with regard to any exception to the timeliness requirements of the PCRA, not even under 42 Pa. C.S.A. § 9545(b)(1)(iii), which he argued applied to his case. Nevertheless, the PCRA court noted that, contrary to Petitioner's argument, Alleyne did not announce a new constitutional right to be retroactively applied to cases in which the judgment of sentence had already become final. Commonwealth v. Whittle, 2015 WL 7575787, at *3-4 (Pa. Super. Feb. 10, 2015) (citing Commonwealth v. Miller, 102 A.3d 988, 995-96 (Super. Ct. 2014)).

In his Petition before this Court, Petitioner essentially argues that the PCRA court misapplied state law and was incorrect when it found that his second PCRA petition did not meet an exception to the timeliness requirement of the PCRA statute. However, his reasons for why he believes his Petition for Writ of Habeas Corpus is timely here are the same reasons that were already considered and rejected by the Superior Court in its memorandum dated February 10, 2015. *See* Commonwealth v. Whittle, 2015 WL 7575787 (Super Ct. Feb. 10, 2015). In fact, the majority of his Petition is made up of parts from his appellate briefs, which, of course, contain the same arguments.

Notwithstanding the fact that a federal court is bound by a state court's finding that a petitioner's PCRA petition was untimely, even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar, which is exactly the case here, *see* Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("When a postconviction petition is untimely

under state law, that is 'the end of the matter' for purposes of § 2244(d)(2).")[7] Alleyne does not afford Petitioner any basis for relief because neither the United States Supreme Court, nor the Pennsylvania Supreme Court have held that Alleyne applies retroactively to cases on collateral review. *See* U.S. v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014). *See also* Commonwealth v. Johnson, 2017 WL 5195618, at *4 (Pa. Super. Nov. 9, 2017) (citing Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014)). Therefore, not only is this claim untimely, it is also without merit.

### C. Certificate of Appealability

A Certificate of Appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

Dated: December 11, 2017.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

---

[7] A PCRA petition dismissed as untimely is still not "properly filed" even if the petitioner asserted a statutory exception to the Pennsylvania statute of limitations. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003); *see also* Pridgen v. Shannon, 380 F.3d 721, 728-29 (3d Cir. 2004).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN TYLER WHITTLE, | ) | |
| | ) | Civil Action No. 17 – 1180 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | District Judge |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDANT CLARK and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

**AND NOW**, this 11th day of December, 2017, for the reasons stated in this Court's Memorandum Opinion filed contemporaneously herewith,

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss for Lack of Timely Filing (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Kevin Tyler Whittle
    GY-1423
    SCI Albion
    10745, Route 18
    Albion, PA  16475-0001

    Counsel for Respondents
    (*Via CM/ECF Electronic Mail*)